UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA LOPEZ,

    Plaintiff,

v.                              CASE NO. 8:13-CV-1895-T-17MSP

CHASE BANK USA, N.A.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 5    Motion to Remand
Dkt. 7    Opposition

Plaintiff Lydia Lopez moves to remand because in the Complaint Plaintiff seeks relief only under Sec. 559, Florida Statutes.

Defendant Chase opposes Plaintiff's Motion.

I.    LEGAL STANDARD

Under 28 U.S.C. Sec. 1447(c), a case removed from state court must be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. See Shamrock Oil & Gas Corp. v. Sheets,

Case No. 8:13-CV-1895-T-17MAP

313 U.S. 100, 109 (1941). Where the plaintiff and defendant disagree on the issue of jurisdiction, uncertainties must be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Removal jurisdiction is determined on the complaint as it existed at the time of removal. Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). A defendant may remove a case only if the district court would have had jurisdiction over the case if the case had been brought there originally. 28 U.S.C. Sec. 1441. Under the federal question jurisdiction statute, the Court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Sec. 1331. Whether a claim arises under federal law for purposes of 28 U.S.C. Sec. 1331 is determined by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc v. Williams, 482 U.S. 386, 392 (1987). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23-28 (1983). Under the latter analysis, federal question jurisdiction is narrowly construed. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 810-814 (1986). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," even where the interpretation of federal law may constitute an element of the state cause of action. Id., at 813. "[T]he state law claim must 'really and substantially involve[] a dispute or controversy respecting the validity, construction, or effect of [federal] law." Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). The Supreme Court has fashioned another test for deciding whether federal courts should exercise federal question jurisdiction over removed state court proceedings: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain

Case No. 8:13-CV-1895-T-17MAP

without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

II. Discussion

In the Complaint, Plaintiff alleges that this civil action is premised on violations of Chapter 559 of the Florida Statutes. Plaintiff further alleges that:

> 8. Plaintiff disputed the alleged debt on June 3, 2013 and further instructed Defendant to no longer contact her, but instead to contact her legal representative. (See Attachment A).
>
> 9. Notwithstanding Plaintiff's cease and desist, Defendant continued to contact Plaintiff on, including but not limited to, June 10, 2013.
>
> ......
>
> 15. Defendant is both a furnisher of information as well as a debt collector under 15 U.S.C. Sec. 1681 and also liable under Chapter 559, Florida Statutes.
>
> 16. Defendant has a duty to be accurate with providing information regarding Plaintiff's credit with a third party and/or credit reporting agency.
>
> 17. Upon information and belief, Defendant provided inaccurate information regarding Plaintiff's credit status to third parties and/or credit reporting agencies by refusing to validate the debt or make note that the debt was in dispute.
>
> 18. Upon information and belief, Defendant's actions, as a furnisher of information, in regards to refusing to note the disputed nature of the alleged debt were willful.
>
> 19. As a direct result of Defendant's above referenced violation, Defendant is liable for the Representative Plaintiff's actual damages, costs and attorney fees pursuant to Chapter 559 of the Florida Statutes.

Case No. 8:13-CV-1895-T-17TBM

WHEREFORE, Plaintiff seeks judgment against Defendant for the civil penalty provided by law ($1,000.00) as well as reasonable attorney's fees and costs.

This case was removed on the basis of federal question jurisdiction, 28 U.S.C. Sec. 1331. In the Notice of Removal, Defendant states that Plaintiff appears to assert a claim against Defendant for violation of the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681.

After considering all of the factual allegations of Plaintiff's Complaint, the substance of Plaintiff's Complaint is that: 1) Plaintiff disputed the debt and instructed Defendant not to contact her, but instead to contact her legal representative; 2) Defendant continued to contact Plaintiff, after actual notice of Plaintiff's cease and desist instruction; 3) Defendant did not "validate the debt" or make note that the debt was in dispute, thereby providing inaccurate information as to Plaintiff's credit status to third parties and/or credit reporting agencies.

The Court notes that S. 559.72, Florida Statutes (2010) prohibits the following practices:

In collecting consumer debts, no person shall:

......

(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.

......

4

Case No. 8:13-CV-1895-T-17TBM

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

......

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Under the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681s-2(b), provides:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting

Case No. 8:13-CV-1895-T-17TBM

>agency only, as appropriate, based on the results of the reinvestigation promptly--
>
>**(I)** modify that item of information;
>
>**(ii)** delete that item of information; or
>
>**(iii)** permanently block the reporting of that item of information.
>
>(2) Deadline
>
>A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

To the extent that Plaintiff's claim is based on the duty of a furnisher of information to provide accurate information regarding Plaintiff's credit status to third parties and/or credit reporting agencies, Plaintiff's claim is based on the provisions of the Fair Credit Reporting Act as well as S. 559.72(6), <u>Florida Statutes</u>. Pursuant to 15 U.S.C. Sec. 1681t(b), the FCRA completely preempts state law claims relating to regulation of that subject matter. <u>Osborne v. Vericrest Financial, Inc.</u>, 2011 WL 1878227, 3 (M.D. Fla. 2011).

Under the Fair Debt Collection Practices Act, Title 15 U.S.C. Sec. 1692g, Validation of debts, provides:

>**§ 1692g. Validation of debts**
>
>(a) Notice of debt; contents
>
>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

Case No. 8:13-CV-1895-T-17TBM

the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Case No. 8:13-CV-1895-T-17TBM

To the extent that Plaintiff's complaint is based on Defendant's alleged refusal to validate the debt, Plaintiff's Complaint is based on a violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692g.

Although Plaintiff has pleaded all claims asserted as raised under state law, one of Plaintiff's claims involves a federal issue which is necessarily raised, is actually disputed, is substantial and is capable of resolution in federal court without disrupting the federal-state balance approved by Congress. The Court concludes that the Court has federal question jurisdiction over the FCRA claim, and supplemental jurisdiction over the remaining state law claim. The Court therefore denies the Motion to Remand. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 5) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 8 day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record