UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA LOPEZ,

    Plaintiff,

v.                                    CASE NO. 8:13-CV-1895-T-17MAP

CHASE BANK USA, N.A.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 7    Motion to Dismiss
Dkt. 9    Response

This case was removed based on Plaintiff's allegations of violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff also alleges violations of Ch. 559, Florida Statutes.

Defendant moves to dismiss for failure to state a claim upon which relief can be granted, asserting that Plaintiff's Complaint is impermissibly vague.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the

Case No. 8:13-CV-1895-T-17MAP

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

Defendant argues that Plaintiff's Complaint violates Fed. R. Civ. P. 8, in that Plaintiff does not clearly allege any violation of the FCRA or FDCPA, and does not identify which section of Ch. 559 is alleged to have been violated, such that Defendant does not have fair notice of Plaintiff's claim.

Plaintiff responds that Sec. 559.72, Florida Statutes, lists the prohibited activities, and Sec. 559.77, Florida Statutes, provides for a civil penalty for the violation.  Plaintiff argues that Plaintiff has exclusively relied on state law, even though an element of Plaintiff's claim may be governed by federal law.  Plaintiff further argues that original jurisdiction is not conferred under Ch. 559, Florida Statutes, and this case should be remanded.

Case No. 8:13-CV-1895-T-17MAP

The Court has denied the Motion to Remand because, to the extent that Plaintiff's claim is based on reporting of inaccurate reporting of credit information, Plaintiff's claim is preempted.  See 15 U.S.C. Sec. 1681t(b). The Court recognizes that Plaintiff is the master of her Complaint, and may avoid federal jurisdiction by exclusive reliance on state law, but the Court cannot ignore the substance of the factual allegations that Plaintiff chose to include in the Complaint.

After consideration, the Court grants Defendant's Motion to dismiss, and grants leave to Plaintiff to file an amended complaint within fourteen days which complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.  Each claim shall be stated in a separate count, and shall identify the section of the statute on which Plaintiff's claim is based. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **granted**, and Plaintiff shall file an amended complaint within fourteen days which complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.; each claim shall be stated in a separate count, and shall identify the section of the statute on which Plaintiff's claim is based.

DONE and ORDERED in Chambers, in Tampa, Florida on this 20th day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record